UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARY ANTIONETTE ROBINSON,

    Plaintiff,

v.                                            Case No. 10-C-0370

PFISTER HOTEL, WORD OF HOPE,
COUNTY CLERK'S OFFICE, and
EQUAL RIGHTS DIVISION,

    Defendant.

## DECISION AND ORDER

On April 28, 2010, the plaintiff, Mary Antoinette Robinson ("Robinson"), filed a pro se complaint against the Pfister Hotel, Word of Hope, the County Clerk's Office, and the Equal Rights Division of Department of Workforce Development. The plaintiff alleges that the Pfister Hotel discriminated against her because of her race and/or conviction record. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In making the latter determination, the court must give a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Before authorizing Robinson to proceed in forma pauperis, this court must determine if the litigant would be unable to pay the costs of commencing this action and still provide for herself and

for her dependents the "necessities of life." *Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987). Additionally, where the litigant cannot pay the full filing fee but is economically able to pay a portion thereof, it is within this court's discretion to order a partial payment of the filing fee while waiving the remainder. *Bryan v. Johnson*, 821 F.2d 455, 457 (7th Cir. 1987) (citing *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980)).

In her petition and affidavit for leave to proceed in forma pauperis, Robinson states that currently, she is not employed. She owns a 1993 Buick Roadmaster. Robinson states that she does not own her own residence and that she has a cash, checking, savings, or other similar account.[1] It appears that she has no other assets. Robinson also reports that she has no monthly expenses.

Based on the foregoing, I am satisfied that Robinson is indigent for purposes of the in forma pauperis statute. That is, given her unemployed status, I am persuaded that she is unable to pay the costs of commencing this action.

However, before allowing a plaintiff to proceed without paying costs, a court must also determine that the action is not frivolous or malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous, for purposes of § 1915(e)(2)(B)(i), if there is no arguable basis for relief either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993); *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 306 (7th Cir. 1993). The court may, therefore, dismiss a claim as frivolous where it is based on an "indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). And, as stated previously, the court is to dismiss a case if the court determines that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] The amount in this account is unknown because although the plaintiff originally noted the value to be $30.00, she placed a line through such amount without thereafter indicating the most accurate value.

The standards for reviewing a dismissal under § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). At this stage, all factual allegations of the complaint are taken as true. *See id.* at 612. Such allegations must be viewed liberally and in the light most favorable to the plaintiff. *Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999). A complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In other words, the plaintiff must allege enough factual content to "'nudg[e]' [her] claim . . . 'across the line from conceivable to plausible.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009) (quoting *Twombly*, 550 U.S. at 570). However, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 544). "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for [her] allegations or prove [her] claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8. "However, the court is not required to "ignore any facts alleged in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir. 1988).

Liberally construed, Robinson's complaint alleges that the Pfister Hotel turned her down for a job because of her race and because of her conviction record. As a preliminary matter, to the extent that Robinson claims that she was discriminated against by Word of Hope, the County Clerk's Office, and the Equal Rights Division, her complaint will be dismissed for failure to state a claim on which

3

relief may be granted. Robinson's complaint against the Pfister Hotel requires a bit more scrutiny, however.

Robinson attached to her complaint the Probable Cause Decision of the Administrative Law Judge ("ALJ") for the Equal Rights Division of the Department of Workforce Development. That decision indicates that the ALJ who reviewed Robinson's complaint regarding her alleged discrimination claim dismissed her case because she "effectively did not present a case." (Compl. at 8.) More specifically, the ALJ noted that Robinson did not present evidence of the Pfister Hotel's job openings, the requirements for any of the open positions, whether she met the minimum requirements for any open position, whether anyone was actually interviewed, whether someone was actually hired, or whether any employee of the Pfister Hotel knew her race. (Compl. at 3.)

Because the documents reflecting the proceedings with the Equal Rights Division have been incorporated into the plaintiff's complaint (particularly because the plaintiff directs the court to "see Attachments" in the space provided for her to state her claim), I am not yet convinced that Robinson's complaint crosses the threshold from conceivable to plausible. Assuming that all of the allegations in her complaint are true, I am not required to turn a blind eye to the facts set forth in her complaint and attachments thereto that undermine her claim. Moreover, "[l]itigants may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

Therefore, before allowing Robinson to proceed, Robinson is ordered to file a more definite statement of her claims. A court may order a party to file a more definite statement where the original pleading is "so vague or ambiguous that the [opposing] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Although Rule 12(e) issues are typically raised by motion of the parties, a court has the discretion to order a more definite statement sua sponte with appropriate notice, particularly

4

where designed to "keep the case moving." *See Bennett*, 153 F.3d at 518; *see also Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 907 n.13 (11th Cir. 1996). To ensure the efficient management of the case, the preservation of judicial resources, and the avoidance of wasting time, *see* Fed. R. Civ. P. 1, Robinson will be required to file a more definite statement of her claim against the Pfister Hotel within 10 days of the date of this order. At a minimum, the statement should include when Robinson applied for a job with the Pfister Hotel, which position she applied for, what the requirements were for the position, whether she met the minimum requirements for the position, whether she met with any representative of the Pfister Hotel, and what oral and/or written communications, if any, she had with the Pfister Hotel during this time period.

**NOW THEREFORE IT IS ORDERED** that the plaintiff file a more definite statement of her claim against defendant Pfister Hotel **within 10 days** of date of this order. At a minimum, the statement should include when Robinson applied for a job with the Pfister Hotel, which position she applied for, what the requirements were for the position, whether she met the minimum requirements for the position, whether she met with any representative of the Pfister Hotel, and what oral and/or written communications, if any, she had with the Pfister Hotel during this time period.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** as to defendants Word of Hope, County Clerk's Office, and Equal Rights Division.

**SO ORDERED** this 24th day of May 2010 at Milwaukee, Wisconsin.

**BY THE COURT**:

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge