UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARY ANTOINETTE ROBINSON,

    Plaintiff,

v.                                                                       Case No. 10-C-0370

PFISTER HOTEL,

    Defendant.

## DECISION AND ORDER

On April 28, 2010, the plaintiff, Mary Antoinette Robinson ("Robinson"), filed a pro se complaint against the Pfister Hotel, Word of Hope, the County Clerk's Office, and the Equal Rights Division of Department of Workforce Development.[1] Accompanying her complaint was a motion to proceed in forma pauperis.

On May 24, 2010, the court indicated that it was satisfied that Robinson is indigent for purposes of the in forma pauperis statute. However, because Robinson's complaint was so lacking in factual allegations and because the Equal Rights Division of the Department of Workforce Development dismissed Robinson's case because she "effectively did not present a case," (Compl. at 8),[2] the court ordered Robinson to file a more definite statement within 10 days of the date of the May 24, 2010 Order. At a minimum, Robinson was required to include within the more definite statement the following: when Robinson applied for a job with the Pfister Hotel, which position she applied for, what the requirements were for the position, whether she met the minimum requirements for the

---

[1] On May 24, 2010, this court dismissed Robinson's complaint against Word of Hope, the County Clerk's Office, and the Equal Rights Division for failure to state a claim on which relief may be granted.

[2] The Administrative Law Judge even went so far as to say that Robinson made it "so clear that she was not interested in making the effort to put on a real case." (Compl. at 8.)

position, whether she met with any representative of the Pfister Hotel, and what oral and/or written communications, if any, she had with the Pfister Hotel during this time period.

Rather than filing a more definite statement, on June 7, 2010, Robinson filed a notice of appeal to the United States Court of Appeals for the Seventh Circuit from the court's order on her in forma pauperis petition. On June 29, 2010, the United States Court of Appeals for the Seventh Circuit dismissed her appeal for lack of jurisdiction pursuant to Fed. R. Civ. P. 58, which provides that an appeal may not be taken in a civil case until a final judgment disposing of all claims against all parties is entered on the district court's civil docket. Because the court had not entered a final judgment, Robinson's appeal was premature.

To date, Robinson still has not filed a more definite statement. Robinson submitted documents on June 7, 2010 in support of her appeal, which indicate that she applied for a front desk manager position. Nevertheless, on the face of her complaint and attachments thereto, I am still not persuaded that Robinson's complaint crosses the threshold from conceivable to plausible. Even affording Robinson's complaint a liberal construction, the court finds that she fails to state a claim under any federal law or under the United States Constitution. Although she states that she is bringing claims for violation of her civil rights based on her sex, creed, and color, Robinson does not set forth supportive facts that may entitle her to relief. In addition, she has failed to comply with the court's order of May 24, 2010. Because Robinson has failed to state a claim and because she has failed to comply with this court's order, her motion to proceed in forma pauperis will be denied and this action will be dismissed.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's petition to proceed in forma pauperis be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**SO ORDERED** this 1st day of July 2010 at Milwaukee, Wisconsin.

              **BY THE COURT**:

              s/ William E. Callahan, Jr.
              WILLIAM E. CALLAHAN, JR.
              United States Magistrate Judge